IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              **Case No. 11-40080-01-RDR**

KENNETH C. SMITH,

        Defendant.

## **O R D E R**

This case is before the court upon the government's motion to continue the deadline for filing pretrial motions from October 14, 2011 to October 28, 2011. This case is currently set for trial on November 8, 2011. The government requests the delay on the grounds that the defendant has recently changed his mind about seeking a diversion agreement and now wishes to go to trial. The government also states that it is requesting "a hearing regarding the large amount of discovery defendant is requesting and its relevance to this case." Doc. No. 21, p. 1.

The court will extend the time to file motions in this case to October 21, 2011. Responses to motions should be filed by October 26, 2011. A hearing upon any motions shall be conducted on October 28, 2011 at 11:00 a.m.

The court does not wish to discourage the parties from cooperating with regards to any aspect of this case. However, the court will note that "there is no general constitutional right to

discovery in a criminal case." Weatherford v. Bursey, 429 U.S. 545, 559 (1977); see also, United States v. Bagley, 473 U.S. 667, 675 n. 7 (1985) (Brady did not create a broad right of discovery). The court is not suggesting that the government may ignore its obligations under Brady v. Maryland, 373 U.S. 83, 87 (1963). However, courts often rely upon the prosecution to make a good faith effort to scrupulously honor its obligations under Brady and do not specify the extent of or timing of Brady disclosures prior to trial. See Leka v. Portuondo, 257 F.3d 89, 100 (2nd Cir. 2001). In other words, it is not common for this court to attempt to supervise criminal discovery issues during the pretrial stages of a case. If either side believes the other will attempt to present immaterial evidence, a motion in limine should be considered.

This order will not change the trial date of this case. So, it is not necessary to consider the Speedy Trial Act. If either side wishes to delay the trial setting, then a motion to continue the trial should be filed.

**IT IS SO ORDERED.**

Dated this 14th day of October, 2011 at Topeka, Kansas.

                                       s/Richard D. Rogers
                                       United States District Judge