IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                         **Case No. 11-40080-01-RDR**

KENNETH C. SMITH,

        Defendant.

## **O R D E R**

This order is issued to record the court's oral rulings upon the objections to the presentence report in the above-captioned case. Defendant appeared before the court to be sentenced after he was convicted by a jury of obstructing the discharge of an official duty and disorderly conduct.

This case arose from an incident in March 2011 at the Fort Riley hospital and police station where defendant, using loud and profane language and ignoring directions to leave the scene, confronted and interfered with military police officers as they were escorting and later arresting a co-worker and friend of defendant.

The presentence report lists five objections from defendant. The first objection is that the presentence report does not describe other events or tensions leading up to the incident with the military police. Defendant mentions that he received a threatening email in November 2010. The court denied this

objection but permitted defendant to address whatever comments he wished to make about the situation to the court during the sentencing hearing.

The second objection is that defendant was suffering from and under treatment for PTSD and that this had an impact upon defendant's conduct during the incident. Defendant suggests that the presentence report does not provide enough information on this point. The court denied this objection, but again permitted defendant to address the court regarding his medical and mental health condition during the sentencing hearing. The court considered defendant's PTSD before rendering a sentence in this case.

The third objection relates to whether defendant was a law enforcement officer. This point was most relevant to a charge of which defendant was acquitted. The court did not consider that issue for the purposes of the sentencing hearing. The court, however, did considere defendant's job history and general background of steady employment.

In his fourth objection defendant contends that he is entitled to acceptance of responsibility. The court disagreed. Defendant went to trial and disputed the charges on factual grounds, not just legal grounds. At trial, he did not communicate remorse for his conduct. Defendant is <u>not</u> entitled to credit for acceptance of responsibility.

Finally, in the fifth objection defendant asks for a downward departure because of the "victim's wrongful conduct" and because of defendant's "diminished capacity." The court treated this as a request for a downward variance or departure from the guideline range of incarceration and denied the request since the bottom of the guideline range in this case was zero months. A sentence of probation fell within the guideline range and was ordered by the court. With regard to the guideline range for monetary penalties, the court, after due consideration of the Guidelines and the factors set forth in 18 U.S.C. § 3553, did not believe there should be a downward variance or departure from the guideline range. The court believes defendant received a lenient sentence and that the conduct of the military police officers and defendant's mental condition did not warrant a fine less than $1,000.00. A lesser penalty would not be sufficient to meet the need for deterrence and provide just punishment in this situation.

**IT IS SO ORDERED.**

Dated this 19th day of March, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge